IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artyk Osmonaliev,<br><br>　　　　　Petitioner,<br><br>v.<br><br>John Cantu, *et al.*,<br><br>　　　　　Respondents. | No. CV-25-03531-PHX-JJT<br><br>**ORDER** |

Before the Court is the Report and Recommendation (Doc. 13, "R&R") entered by United States Magistrate Judge Deborah M. Fine recommending this Court grant the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and order Petitioner immediately released from immigration custody subject to the same conditions and other requirements preceding his September 2025 detention. Respondents have timely filed an Objection to the R&R. (Doc. 14.)

The Court will overrule the Objection, adopt the R&R in whole, including its reasoning, grant the writ and order release. As Judge Fine concluded, Respondents' revocation of Petitioner's parole without 1) adequate notification, 2) reasoning as to any change in individualized facts or circumstances, or 3) a meaningful opportunity to be heard on the issues denied Petitioner his Due Process rights. Moreover, while Respondents treated, and urge this Court to treat, Petitioner as an arriving alien whose detention must fall according to the provisions and limitations of 8 U.S.C. § 1225(b)(2)—meaning he is not eligible for a bond determination and must be detained—their position ignores the fact

that Petitioner has been in the United States since he applied for admission at the Nogales Port of Entry in May of 2023, more than two and a half years ago, and was thereafter granted parole. Section 1225(b)(2) is the incorrect detention standard in this matter and Respondents have therefore denied Petitioner the process due him.

Respondents argue in their Objection that the R&R's—and now the Court's—reasoning ignores "binding Ninth Circuit precedent" to include *Wong v. Immigr. And Naturalization Serv.*, 373 F.3d 952, 967-68 (9th Cir. 2004). Under Respondent's reasoning, a person is granted no protections under the Due Process clause if government officials may grant or deny it in their discretion. (Doc. 14 at 2.) Counsel's reading of a case that he acknowledges has been abrogated on other grounds is blunt overreach that itself ignores *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972), in which the Supreme Court held that when the government has exercised its initial discretion to release an individual from custody, its decision creates "an implicit promise" that his release will be revoked only if he fails to meet the conditions of release. In this matter Respondents have not alleged that Petitioner has done anything to fail to meet the conditions imposed on his release in 2023. They do not allege criminal acts, or flight risk, or failure to comply with immigration orders. This Court sides with the host of district courts catalogued in Judge Fine's R&R who have read *Morrissey* and progeny to support the conclusion that when, as in the instant matter, "ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." R&R at 9 (citing *Pinchi v. Noem*, No. 5:25-CV-05362-PCP, 2025 WL 2084921, at *3 (N.D. Cal. July 24, 2025)(following string cite omitted)). This triggers some process due.

This Court may not and does not here address issues surrounding removal proceedings and resultant removal decisions arising from this matter; Petitioner when all is said and done and process due is afforded may well be adjudicated removable and ultimately removed. But while he is here Respondents will follow the law and afford him the process he is due with respect to detention.

1  **IT IS ORDERED** overruling Respondents' Objections (Doc. 14) and adopting in whole the R&R in this matter (Doc. 13.)

**IT IS FURTHER ORDERED** granting the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

**IT IS FURTHER ORDERED** that Respondents shall release Petitioner from immigration custody immediately, subject to the same conditions and other requirements preceding his immigration detention in September 2025.

**IT IS FURTHER ORDERED** that Respondents shall not re-detain Petitioner absent 1) a material change in circumstance, 2) individualized notice of the same, and 3) a meaningful opportunity to be heard on the issue.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 16th day of December, 2025.

Honorable John J. Tuchi
United States District Judge